**Ramon L. QUIÑONES VAZQUEZ, et al., Plaintiffs,**

v.

**Maria Mercedes IGLESIAS DE CRUZ, et al., Defendants.**

Civ. No. 87–0335 (JAF).

United States District Court, D. Puerto Rico.

Nov. 30, 1987.

Rafael A. Oliveras López de V., San Juan, P.R., for plaintiffs.

José J. Santiago, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., for P.R. Telephone Co.

María L. Jiménez, Dept. of Justice, Com. of Puerto Rico, Héctor Rivera Cruz, Secretary of Justice, San Juan, P.R., for defendants.

**OPINION AND ORDER**

FUSTE, District Judge.

This case is before us on Motions to Dismiss by some of the defendants in this action. For the reasons that follow, and pursuant to *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the complaint in this action is dismissed for failure to state a claim. Fed. R.Civ.P. 12(b)(6).

**I.**

A brief exposition of the facts as set forth in the complaint reveals that no fed-

eral cause of action has been pleaded. Plaintiff alleges that in March, 1986, while on duty as a Splicer for the Puerto Rico Telephone Company ("PRTC"), he was accused by two women, co-defendants Maria M. Hernandez Iglesias (incorrectly identified in the complaint as Maria Mercedes Iglesias de Cruz) and Sandra Camara de Gonzales, of having immoral and lascivious contact with their young children. It is unclear from the complaint whether the mothers contacted the PRTC or the police with their report.

According to the complaint, an initial investigation was carried out by Mr. Francisco Ruiz, of the PRTC and later transferred to co-defendants Officers María M. Medina Lopez and Wanda I. Rivera Torres. Plaintiff asserts these women are special agents of the Sexual Crimes Division of the Bureau of Criminal Investigation of the Puerto Rico Department of Police. Apparently, the actions of Officers Medina Lopez and Rivera Torres, along with those of Ruiz, resulted in Quiñones being charged with aggravated assault before the Investigative Unit of the District Court of Puerto Rico, San Juan Ward.

Plaintiff further claims that after his arrest Officer Rivera Torres and Mr. Ruiz "voluntarily and maliciously" provided to the *San Juan Star* and to *El Vocero* a photograph of Quiñones along with the fact that he was a suspect in other lascivious crimes, with the intent that they be published in those newspapers. Quiñones contends that the information eventually was printed.

In this, the first cause of action, plaintiff asserts claims against the two mothers who initially reported him, along with their husbands and community property, the two policewomen, with their husbands and com-

munity property, the PRTC, the Commonwealth of Puerto Rico, the Commissioner of Police, the Secretary of Justice, and Robert Gonzalez, the District Attorney evidently in charge of the prosecution of Quiñones. The disposition of the claims concerning each defendant will be accomplished individually below.

For a second cause of action plaintiff asserts that as a result of this incident he was summarily discharged from his job at the Telephone Company and was never given a public apology for the investigation and later cover-up. No details of a cover-up were offered in the complaint.[1]

## II.

What plaintiff terms his first cause of action seems to be a mixture of federal and state claims, specifically violations of 42 U.S.C. Sect. 1983 [2] by all of the defendants coupled with libel or slander claims against Officer Rivera Torres and Mr. Ruiz. For the reasons that follow, the entire claim is dismissed.

Two allegations are essential for a successful Section 1983 claim. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gómez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980), *citing Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961). Quiñones' first cause of action fails against each defendant for lack of one or both of these elements.

Quiñones fails to allege the violation of any federal or constitutional right with sufficient particularity. Indeed, it is impossi-

---

**1.** As a third cause of action, plaintiff asserts his rights against "any unknowned [sic] defendants from A to Z who have violated [his] civil rights either directly or indirectly." Dismissal of that claim for vagueness and failure to state a cause of action requires no explanation.

**2.** The complaint actually states that federal jurisdiction is found under "section 42 of Title 42 of the United States Code ... [commonly known as] the Civil Rights Act of 1964." However, no such section of the Code exists, and the

Civil Rights Act of 1964, 42 U.S.C. Sections 2000a—2000h–6, concerns discriminatory activity by employers or in places of public accomodation on the basis of race, color, religion, sex or national origin. Because that plainly could not be the claim in this instance, we shall assume, as many of the defendants have in their Motions to Dismiss, that plaintiff is actually asserting his rights under 42 U.S.C. Section 1983.

ble to discern from the convoluted and exceedingly general statements in the complaint just which, if any, civil or human rights were affected by the actions of any defendants.

We are unable to conclude from the complaint that those who reported, investigated, or prosecuted Quiñones did so in any way unreasonably. The ultimate fate of the prosecution against Quiñones is unclear, but even if he was eventually acquitted, there would be no deprivation. The complaint alleges no facts leading even remotely to an inference of false imprisonment, unreasonable force, arrest without probable cause, or malicious prosecution. We are simply unwilling to construe even a potentially triable cause of action from the sketchy and largely innocuous assertions in the complaint.

▋ We need not go further in dismissing the first cause of action but we think it prudent to elaborate upon some of the other reasons why no claim has been stated. The complaint as it pertains to several of the defendants fails on Eleventh Amendment grounds. The Commonwealth of Puerto Rico is a state for 11th Amendment purposes and may not be sued without its consent by one of its own citizens or by the citizen of another state. *Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770, 776 (1st Cir.1981). In addition, the Commissioner of the Police of Puerto Rico and the Secretary of Justice of Puerto Rico are sued in their official capacities, as officers of the Commonwealth. A suit to obtain damages from them in their official capacities is impermissible. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). *See also Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

In addition, District Attorney Roberto González correctly pleads the defense of prosecutorial immunity for actions he may have taken in having the plaintiff charged. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

▋ In attempting to recover damages from the two mothers who reported him, and from the husbands and communal property of these two women, the complaint makes no allegation that these two women were acting "under color of state law", the other necessary element for a successful section 1983 claim. *Gómez*, 446 U.S. at 640, 100 S.Ct. at 1923; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

The libel claims, such as they are, arise purely under state law and as all parties are admittedly Puerto Rico citizens, there is no diversity and this court has no jurisdiction over the claim under 28 U.S.C. sec. 1332.

### III.

It remains only to deal with the second cause of action, the claim that plaintiff's firing by the PRTC amounts to a federal violation. We do not reach the issue of whether the Telephone Company is a state and incapable of being sued for 11th Amendment purposes because we hold again that the complaint fails to state any colorable claim. Plaintiff asserts no facts enabling us to infer any discriminatory intent or activity by the PRTC, only that he was fired as a result of this incident. Whether or not his discharge was for cause or for some impermissible reason is immaterial; a wrongful discharge claim not involving discrimination belongs in state, not federal, court. We note in passing that it is entirely possible that plaintiff was in fact never discharged but only suspended and later reinstated, as asserted in the Answer filed by the PRTC. Even assuming all of plaintiff's assertions as true, however, we can find no federal cause of action.

### IV.

In sum, the complaint in this action is dismissed as against all defendants for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.